Gregory J. Roberts, SBN 141516
Barrus and Roberts, P.C.
7111 N. Fresno Street, Suite 210
Fresno, California 93720
Telephone: 559-431-6800
Facsimile: 559-354-1608

Attorneys for Defendants
  R. G. Construction and Rudy
  Gonzalez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN as CHAIRMAN and JOSE MORENO as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND OF NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>          Plaintiffs,<br><br>  v.<br><br>R.G. CONSTRUCTION, a business entity; and RUDY E. GONZALEZ, an individual,<br><br>          Defendants. | Case No. 3:02cv4599 JSW<br><br>**STIPULATION FOR LEAVE TO FILE THIRD PARTY COMPLAINT, FOR STAY OF ACTION PENDING DETERMINATION OF THIRD PARTY COMPLAINT AND ORDER THEREON**<br><br>Court:  Courtroom 17, 16th floor.<br>Judge:  Jeffrey S. White |

    The Parties to the above-entitled action hereby stipulate and agree as follows:

j

    1. This is an action by trustees of multiemployer employee benefit plans to enforce, pursuant to § 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145, the obligations of defendants under the terms of collective bargaining agreements and trust agreements to pay

---
1
Stipulation for leave to file Third Party Complaint and for Staye

employee benefit contributions to the plans and the rights of the plans to conduct an audit of defendants' business records to determine the full amount of contributions due.

2. In 1995 defendants executed two collective bargaining agreements with the Laborers Union, one for asbestos removal and one for lead paint removal. Plaintiffs are the third party beneficiaries of those contracts.

3. Plaintiffs are suing defendants to compel an audit of Defendants records from 1995 to the present and to obtain a judgment for alleged unpaid contributions and related damages.

4. Defendants deny any obligations to Plaintiff and have raised two legal defenses regarding the underlying contracts. First, defendants contend that the collective bargaining agreements were obtained by fraud in the inducement, i.e., by getting Mr. Gonzales drunk. Second, defendants contend that the collective bargaining agreements were terminated by notices to the Union at the end of 1997 and again 2000.

5. Plaintiffs contend that these two legal defenses are not valid defenses to this action and that Defendants must address these two defenses with the Laborers Union. The Laborers Union is not a Plaintiff or a party to this action.

6. If the underlying contract was obtained by fraud or if the contract was terminated in 1997 and again in 2000, Plaintiff's action is either terminated or limited in scope.

7. The parties agree that a determination of the validity of the underlying contract and/or its termination needs to be decided before the issue of this case can be properly and fully adjudicated.

8. On May 9, 2005, the parties participated in a mandatory settlement conference with the court. Because of the problems with the underlying contract, the court thought it made sense and that good cause appeared for the stay of this action until the Labor Union could be brought into the action to adjudicate the issue regarding the termination of the contract.

9. Wherefore the parties agree as follows:

A. That Defendants be allowed to file and serve a third party complaint against the Laborer's Union for declaratory relief regarding the validity of the contracts and their termination.

---
Stipulation for leave to file Third Party Complaint and for Staye

2

      B. That this action be stayed until the adjudication of the third party complaint or further order of the court.

DATED: June 10, 2005           STANTON, KAY & WATSON, LLP

By: _____
    Bruce K. Leigh
    Attorneys for Plaintiffs

DATED: June 10, 2005           BARRUS & ROBERTS, PC

By: _____
    Gregory J. Roberts
    Attorneys for Defendants

## **ORDER**

Based on the stipulation of the parties and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

      A. That Defendants be allowed to file and serve a third party complaint (a copy of which is attached hereto as exhibit "A") against the Laborer's Union for declaratory relief regarding the validity of the contracts and their termination.

      B. That this action be stayed until the adjudication of the third party complaint or further order of the court.

**IT IS SO ORDERED**

Dated: June 10, 2005          By: /s/ Jeffrey S. White
    Hon. Jeffrey S. White, ~~Jude~~ Judge
    United States District Court

(3868-002)

Stipulation for leave to file Third Party Complaint and for Staye

EXHIBIT "A"

Gregory J. Roberts, SBN 141516
Barrus and Roberts, P.C.
7111 N. Fresno Street, Suite 210
Fresno, California 93720
Telephone: 559-431-6800
Facsimile: 559-354-1608

Attorneys for R.G. Construction

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN as CHAIRMAN and JOSE MORENO as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND OF NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> R.G. CONSTRUCTION, a business entity; and RUDY E. GONZALEZ, an individual, <br><br> Defendants. | Case No. 3:02cv4599 JSW |
| R.G. CONSTRUCTION, a California Corporation, <br><br> Third party Complainant <br><br> v. <br><br> NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS, entity unknown, <br><br> Third Party Defendant | THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF |

_____
Exhibit "A" to Stipulation

4

R. G. Construction alleges as follows:

## JURISDICTION AND VENUE

1. The underlying action is an action by trustees of multiemployer employee benefit plans to enforce, pursuant to § 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145, the obligations of defendants under the terms of collective bargaining agreements and trust agreements to pay employee benefit contributions to the plans and the rights of the plans to conduct an audit of defendants' business records to determine the full amount of contributions due. This court has jurisdiction pursuant to 29 U.S.C. § 185 and § 1132.

2. Venue is established in the U.S. District Court for the Northern District of California, in that Third Party Defendant does business in this district and the contributions made by Defendant to Plaintiff were made in the Northern District 29 U.S.C. § 1132(e)(2).

## PARTIES

3. Third Party Complainant, R.G. Construction is a California corporation, a licensed contractor doing business in California (hereinafter referred to as R. G. Construction).

4. Third Party Defendant Northern California District Council of Laborers is affiliated with the Laborers International Union of North America, form of entity unknown, (hereinafter referred to as the "Union".) R. G. Construction requests leave to amend this third party complaint when the correct name and identity of the Union is obtained.

## DECLARATORY RELIEF

5. Prior to March 23, 1995, the Union approached R. G. Construction about becoming a union contractor. R. G. Construction was not interested in becoming a Union Contractor.

6. On March 23, 1995, in Oakland, California, Union representatives met with Rudy Gonzalez, the principal of R. G. Construction. They proceeded to get Mr. Gonzalez intoxicated and told Mr. Gonzalez of many benefits that he would enjoy as a Union contractor and of all of the jobs he would be able to get a Union Contractor.

7. On March 23, 1995, Rudy Gonzalez, on behalf of R. G. Constructions, while intoxicated signed two different labor contracts with the Union. The first contract was a Laborers Asbestos

5

Exhibit "A" to Stipulation

Removal Agreement, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference. The second agreement was a Laborers Led Paint Removal Agreement, a copy of which is attached hereto as Exhibit 2 and incorporated herein by reference.

8. Both laborer contracts were set for a term through November of 1997, and allowed either party to terminate the contract. On November 25, 1997, R.G. Construction prepared and sent a contract expiration/termination letter to the Union. A copy of the letter is attached hereto as Exhibit 3 and incorporated herein by reference.

9. The Union has taken the position that the November 25, 1997 termination notice was not timely and that both contracts automatically renewed.

10. On September 7, 2000, R. G. Construction hand delivered to the Union a second written notice of termination of both contracts. On September 28, 2000, R.G. Construction sent the Union, via certified mail, a third written notice of termination of both contracts. A copy of September 7, 2000, hand served notice is attached as Exhibit 4 and incorporated herein by reference. A copy of the September 28, 2000, mailed notice is attached as Exhibit 5 and incorporated herein by reference. A copy of the signed Registered Receipt, reflecting the Unions receipt of the September 28, 2000, letter is enclosed as Exhibit 6 and incorporated herein by reference.

11. The September 7, 2000 and the September 28, 2000 notice of termination letters, fell within the 30 day window for termination of the contracts as set forth in paragraph 20.1. of the contracts and property terminated the contracts.

12. Defendants ceased doing work with Plaintiff and made no further contributions to the Union after the termination of the contracts.

13. Subsequent to R. G. Construction's termination of the contracts, The Union informed R. G. Construction that it could not terminate the contracts and that if R. G. Construction ceased doing business with the Union that it would be put out of business.

14. Plaintiff then filed the underlying complaint against R. G. Construction seeking and audit of R.G. Constructions records and alleging unpaid contributions. Plaintiff also claims the contracts were not terminated.

---
Exhibit "A" to Stipulation

6

14. An actual controversy has arisen and now exits relating to the validity and termination of the contracts. R. G. Construction contends that the contracts are not valid because there were signed while Mr. Gonzalez was intoxicated. R. G. Construction further contends that if the contracts are valid, they were terminated in November of 1997 and again in September of 2000. The Union and Plaintiffs contend that the contracts are valid, that they were never terminated and that R. G. Construction must continue to submit to Plaintiffs' audits and make contributions to Plaintiffs.

15. R. G. Construction desires a judicial determination of the validity of the contracts and a declaration as to the termination of the contracts and the parties rights thereto.

16. A judicial declaration is necessary and appropriate at this time and under the circumstances as Plaintiffs are seeking an audit and damages against R.G. Construction on contracts that are invalid and/or terminated. Plaintiffs' action against R. G. Construction can not be adjudicated until a determination and declaration is made regarding the validity and termination of the contracts.

WHEREFOR, R.G. Construction prays judgment against the Union as follows:

1. For a declaration that the contracts are invalid as they were signed while Rudy Gonzalez was intoxicated and/or that the contracts were terminated in November of 1997 and/or that the contracts were terminated in September of 2000.

2. For attorneys fees.

3. For costs of suit.

4. For such other and further relief as the court may deem proper.

DATED: June 10, 2005                    BARRUS & ROBERTS, PC


                                        By: _____
                                             Gregory J. Roberts
                                             Attorneys for R.G. Construction

(3868-002)

7

_____
Exhibit "A" to Stipulation