United States District Court

For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   LARRY TOTTEN, et al.,                          No. C 02-04599 JSW

11          Plaintiffs,

12   v.                                             **ORDER GRANTING MOTION
                                                    FOR JUDGMENT ON THE
13   R.G. CONSTRUCTION, et al.,                     PLEADINGS, OR IN THE
                                                    ALTERNATIVE, FOR SUMMARY
14          Defendants.                             JUDGMENT IN FAVOR OF
                                                    THIRD PARTY DEFENDANT**

15

16   _____/

17          Now before the Court is the motion of third party defendant, Northern California

18   District Council of Laborers ("District Council") for judgment on the pleadings pursuant to

19   Federal Rule of Civil Procedure 12(c), or, in the alternative, for summary judgment pursuant to

20   Federal Rule of Civil Procedure 56(c).  Having carefully reviewed the parties' papers and

21   considered their arguments and the relevant legal authority, and good cause appearing, the

22   Court hereby GRANTS the District Council's motion for summary judgment.  The Court finds

23   the present motion appropriate for decision without oral argument and hereby VACATES the

24   hearing set for December 16, 2005.  *See* Civil L.R. 7-1(b).

25                              **BACKGROUND**

26          Third party complainant, R.G. Construction, brought a third party complaint for

27   declaratory relief against District Council in an effort to clarify its obligations to Plaintiffs Larry

28   Totten, as Chairman, and Jose Morena, as Co-Chairman, of the Board of Trustees for the

United States District Court

For the Northern District of California

1   Laborers and Welfare Trust Fund of Northern California; Laborers Vacation-Holiday Trust

2   Fund for Northern California; Laborers Pension Trust Fund for Northern California; and

3   Laborers Training and Retraining Trust Fund for Northern California (collectively "Plaintiffs").

4          Plaintiffs initiated the action in order to recover unpaid contributions allegedly owed by

5   defendants/third party complainants, R.G. Construction and Rudy E. Gonzalez, under two

6   collective bargaining agreements:  the Laborers Asbestos Removal Agreement and the

7   Laborers' Lead Paint Removal Agreement (collectively, the "CBAs").  Plaintiffs contend that

8   on March 23, 1995, defendants/third party complainants became signatories on the CBAs and

9   have failed to make contributions to the funds.  R.G. Construction contends that it is not bound

10  by the CBAs on the ground that, by virtue of having been intoxicated at the time, Gonzalez was

11  legally incapacitated and/or fraudulently induced into signing the CBAs.  (*See* Declaration of

12  Rudy E. Gonzalez in opposition to plaintiff's motion for summary judgment dated December

13  23, 2004 ("Gonzalez Decl."), ¶ 8.)[1]

14         Third party defendant District Council moves for judgment on the pleadings, or in the

15  alternative, for summary judgment on the basis that R.G. Construction has failed to exhaust the

16  contractual remedies providing for arbitration as required by the CBAs and is therefore barred

17  from seeking declaratory relief from this Court.  Further, District Council moves for judgment

18  on the basis that R.G. Construction has provided no evidence of material fact establishing that

19  the agreements are void due to fraud.

20         The Court will address the specific facts relevant to this motion as they are pertinent to

21  the analysis.

22

23

24

25

26

27

28         [1]  The Court DENIES District Council's motion to strike the declaration of third
party complainant, Rudy E. Gonzalez, on the basis that the declaration was late-served.

United States District Court

For the Northern District of California

1

**ANALYSIS**

2    The Court finds that the evidence submitted by R.G. Construction, although indeed late-

3    filed on District Council, is properly before the Court and therefore, construes the pending

4    motion as a motion for summary judgment.[2]

5    **A.    Legal Standard on Motion for Summary Judgment.**

6    A principal purpose of the summary judgment procedure is to identify and dispose of

7    factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).

8    Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and

9    admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

10   any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

11   Civ. P. 56(c).

12   A party moving for summary judgment who does not have the ultimate burden of

13   persuasion at trial, must produce evidence which either negates an essential element of the non-

14   moving party's claims or show that the non-moving party does not have enough evidence of an

15   essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins.*

16   *Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary

17   judgment who does bear the burden of proof at trial, must produce evidence that would entitle it

18   to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co.,*

19   *Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

20   Once the moving party meets its initial burden, the non-moving party must go beyond

21   the pleadings and by its own evidence "set forth specific facts showing that there is a genuine

22   issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party

23   must "identify with reasonable particularity the evidence that precludes summary judgment."

24

25   [2] The Court also DENIES the request by third party complainant, R.G. Construction, to take judicial notice of the declaration as the materials therein are not capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably

26   questioned. *See* Fed. R. Evid. 201. The Court further overrules the objections to evidence submitted by District Council. The Court finds, however, notwithstanding consideration of

27   the evidence submitted in the declaration, the District Council is entitled to summary judgment. In addition, the Court GRANTS District Council's motion to strike lines 19-21 of

28   the opposition brief as impertinent and scandalous matter, without sufficient evidentiary support, pursuant to Federal Rule of Civil Procedure 12(f).

United States District Court

For the Northern District of California

1   *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  It is not the Court's task to "scour the

2   record in search of a genuine issue of triable fact."  *Id.* (quoting *Richards v. Combined Ins. Co.*,

3   55 F.3d 247, 251 (7th Cir. 1995).  If the non-moving party fails to make this showing, the

4   moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.          An

5   issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find

6   for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A

7   fact is "material" if it may affect the outcome of the case.  *Id.* at 248.  "In considering a motion

8   for summary judgment, the court may not weigh the evidence or make credibility

9   determinations, and is required to draw all inferences in a light most favorable to the non-

10  moving party."  *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

11          **B.      Federal Law Requires Arbitration of Dispute.**

12          The CBAs both clearly provide for arbitration of "any dispute concerning the

13  interpretation or application of [the agreements], other than a jurisdictional dispute."  (*See* Third

14  Party Complaint, Ex. 1, Section XV; Ex. 2, Section XV.)  The Ninth Circuit has held that when

15  a CBA contains a "customary arbitration clause acts of repudiation and other acts of termination

16  must be submitted to arbitration."  *Camping Construction Co. v. District Council of Iron*

17  *Workers*, 915 F.2d 1333, 1338 (9th Cir. 1991), (citing *Brotherhood of Teamsters & Auto Truck*

18  *Drivers Local No. 70 v. Interstate Distributor Co.*, 832 F.2d 507, 511 n.4 (9th Cir. 1987)).  In

19  addition, the court held that general arbitration clauses in CBAs are broad enough to cover

20  disputes over termination.  *Id.*  ("[w]hen a collective-bargaining agreement contains the usual

21  broad arbitration clause, a dispute over contract termination is arbitrable.")  Arbitration of a

22  labor dispute is only denied where it is clear that the arbitration clause cannot be interpreted to

23  permit arbitration of the dispute.  *United Steelworkers v. Warrior & Gulf*, 363 U.S. 574, 582-83

24  (1960) (arbitration denied only where it can be said "with positive assurance that the arbitration

25  clause is not susceptible of an interpretation which cover the asserted dispute.").  Furthermore,

26  any doubts regarding arbitrability "should be resolved in favor of arbitration."  *Id.* at 583.

27          The language of the arbitration provision in the two CBAs signed by Rudy Gonzalez

28  clearly provides that any dispute concerning the interpretation or application of the agreement

4

1  shall be subject to arbitration.  The determination whether R.G. Construction properly

2  terminated the agreement is subject to arbitration.  Having failed to bring a grievance before the

3  District Council in arbitration, the claim for declaratory relief is dismissed.

4        **C.**      **Allegation of Fraud is Subject to Arbitration.**

5        R.G. Construction and Gonzalez contend that the allegations in the third party complaint

6  state a cause of action for fraud and that such a cause of action is not subject to arbitration.

7  R.G. Construction contends that it has alleged that Gonzalez was intoxicated at the time he

8  signed the CBAs, that he was induced to sign, and that therefore the contracts are invalid.  On

9  this basis, they contend that where a party contests the making of the contract containing an

10  arbitration provision, it cannot be compelled to arbitrate the threshold issue of the existence of

11  the agreement to arbitrate.  (Opp. at 6-7.)

12        However, in order to state a claim for fraud in the execution of the CBAs, R.G.

13  Construction must demonstrate that it reasonably believed that the documents Gonzalez signed

14  were something other than collective bargaining agreements.  *See, e.g., Illinois Conference of*

15  *Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1365-66 (7th

16  Cir. 1995) (holding that in order to assert the defense of fraud in the execution of a collective

17  bargaining agreement, the contractor would have to establish that he did not know that he was

18  signing a collective bargaining agreement); *see also Operating Engineers Pension Trust v.*

19  *Gilliam*, 737 F.2d 1501, 1504-05 (9th Cir. 1984) (same).  R.G. Construction has submitted

20  evidence to this Court indicating that Gonzalez was aware that the documents he signed on

21  March 23, 1995 were indeed CBAs.  (*See, e.g.*, Gonzalez Decl., ¶¶ 8, 9.)  There is evidence

22  evincing Gonzalez's knowledge that the documents he signed were in fact collective bargaining

23  agreements.

24        Furthermore, the evidence before the Court indicates that subsequent to the signing of

25  the agreements, Gonzalez ratified the previous agreement by signing a Letter of Understanding

26  on March 29, 1995 which indicated that the parties had previously entered into a collective

27  bargaining agreement.  (*See id.*, ¶ 10, Ex. C.)  There is no evidence in the record indicating that

28  Gonzalez was also intoxicated or otherwise legally incapacitated six days later when he ratified

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  the parties' previous agreement.  In addition, the allegations in the third party complaint refer to

2  the employment of union members under the CBAs after their execution and R.G. Construction

3  admitted that it employed laborers and made contributions to Plaintiffs' Trust Funds on their

4  behalf.  (*See id.*, ¶¶ 17, 18, 23, 32, 33.)  Subsequent ratification of the agreement similarly

5  compels dismissal of the claims for fraud in the execution.  *Trustees of Flint Michigan*

6  *Laborers' Pension Fund v. In-Puls Construction Co.*, 835 F. Supp. 972, 975 (E.D. Mich. 1993).

7  **CONCLUSION**

8  For the foregoing reasons, the District Council's motion for summary judgment is

9  GRANTED.  Claims against District Council by defendants/third party complainants, R.G.

10  Construction and Rudy Gonzalez, are dismissed for failure to exhaust contractual remedies

11  under the CBAs.

12  R.G. Construction's request to stay the entire action pending the outcome of arbitration

13  is RESERVED in order to give Plaintiffs an opportunity to respond.  Although the stipulation

14  granting a stay of this action pending determination of the third party complaint indicated that

15  the "parties agree that a determination of the validity of the underlying contract and/or its

16  termination needs to be decided before the issue of this case can be properly and fully

17  adjudicated," Plaintiffs must be afforded the opportunity to object to a continued stay of this

18  matter.  Plaintiffs are HEREBY ORDERED to file a written response to R.G. Construction's

19  request to stay the entire action pending the outcome of arbitration by no later than January 13,

20  2006.  Failure to file a response shall result in a continued automatic stay of this action.

21

22  **IT IS SO ORDERED.**

23

24  Dated:  December 13, 2005

25  JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

26

27

28

6