IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN, et al.,<br>    Plaintiffs,<br>v.<br>R.G. CONSTRUCTION, et al.,<br>    Defendants.<br>_____/ | No. C 02-04599 JSW<br><br>**ORDER TO SHOW CAUSE** |

On June 10, 2005, this Court granted a stipulation by the parties to stay this action pending resolution of a third part complaint. The third party complaint was filed on July 21, 2005 and the summons issued on July 26, 2005. On October 28, 2005, third party Northern California District Council of Laborers filed a motion for judgment on the pleadings, or in the alternative, for summary judgment which was granted by this Court on December 13, 2005. The Court dismissed the claims against the District Council by defendants/third party complainants, R.G. Construction and Rudy Gonzalez, for failure to exhaust contractual remedies under the Collective Bargaining Agreements. The Court noted R.G. Construction's request to stay the entire action pending the outcome of arbitration and reserved the issue in order to give Plaintiffs an opportunity to respond. Although the stipulation granting a stay of this action pending determination of the third party complaint indicated that the "parties agree that a determination of the validity of the underlying contract and/or its termination needs to be decided before the issue of this case can be properly and fully adjudicated," the Court afforded Plaintiffs the opportunity to object to a continued stay of this matter. On January 10, 2006, Plaintiffs filed objections to the continued stay of this action.

1  Plaintiffs contend that the present action is not subject to arbitration and the stay should
2  be lifted.  However, the Court granted the parties' stipulation to stay this action pending
3  *resolution* of a third part complaint and that complaint is now the subject of arbitration and,
4  presumably, has not been resolved.

5  Therefore, this Court issues this order to show cause why the parties' stipulation to stay
6  this action should not remain in effect.  Defendants shall serve a written response by no later
7  than February 10, 2006.  Plaintiffs shall file their opposition by no later than February 24, 2006.
8  Defendants may reply by no later than March 3, 2006.  The parties should address the status of
9  the third party complaint in arbitration, set out an estimated timeline for the resolution of the
10 third party complaint, and outline the most effective approach for resolution of the matter
11 remaining before this Court.

13 **IT IS SO ORDERED.**

15 Dated: January 27, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE