**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN, et al., | |
| Plaintiffs, | No. C 02-04599 JSW |
| v. | |
| R.G. CONSTRUCTION, et al., | **ORDER RE CONTINUATION OF STAY AND SETTING STATUS CONFERENCE** |
| Defendants. | |

On June 10, 2005, this Court granted a stipulation by the parties to stay this action pending resolution of a third part complaint. The third party complaint was filed on July 21, 2005 and the summons issued on July 26, 2005. On October 28, 2005, third party Northern California District Council of Laborers filed a motion for judgment on the pleadings, or in the alternative, for summary judgment which was granted by this Court on December 13, 2005. The Court dismissed the claims against the District Council by defendants/third party complainants, R.G. Construction and Rudy Gonzalez, for failure to exhaust contractual remedies under the Collective Bargaining Agreements. The Court noted R.G. Construction's request to stay the entire action pending the outcome of arbitration and reserved the issue in order to give Plaintiffs an opportunity to respond. Although the stipulation granting a stay of this action pending determination of the third party complaint indicated that the "parties agree that a determination of the validity of the underlying contract and/or its termination needs to be decided before the issue of this case can be properly and fully adjudicated," the Court afforded

1  Plaintiffs the opportunity to object to a continued stay of this matter.  On January 10, 2006,
2  Plaintiffs filed objections to the continued stay of this action.
3       Plaintiffs contend that the present action is not subject to arbitration and the stay should
4  be lifted.  However, the Court granted the parties' stipulation to stay this action pending
5  *resolution* of a third part complaint and that complaint is now the subject of arbitration and,
6  presumably, has not been resolved.
7       Therefore, on January 27, 2006, this Court issued an order to show cause why the
8  parties' stipulation to stay this action should not remain in effect.  Defendants served a written
9  response on February 10, 2006.  Plaintiffs filed their opposition on February 23, 2006.
10 Defendants filed a reply on March 3, 2006.  The parties were required to address the status of
11 the third party complaint in arbitration, set out an estimated timeline for the resolution of the
12 third party complaint, and outline the most effective approach for resolution of the matter
13 remaining before this Court.
14      Having received the parties' papers and the estimated timeline for resolution of the third
15 party complaint in arbitration, the Court continues the stay effective until June 2, 2006.  By no
16 later than May 26, 2006, the parties must file a joint report on the status of the arbitration and
17 resolution of the underlying matter.  The Court will not continue the stay further absent a
18 showing of good cause and diligence on the part of the parties to the arbitration to resolve the
19 underlying matter.  The Court further sets a status conference for June 2, 2006 at 1:30 p.m. to
20 address the expeditious resolution of this matter.

**IT IS SO ORDERED.**

Dated:  March 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2